NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERCY BANEZA OBREGON-SEGURA; LEILANY MAYORGA-OBREGON,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1527<br><br>Agency Nos.<br>A243-128-571<br>A243-128-572<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Mercy Obregon-Segura and her minor daughter, natives and citizens of Colombia, petition for review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal from an immigration judge's ("IJ") denial of asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Because "[t]he BIA conducted its own review of the evidence and law," "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000)). We review the denial of asylum and withholding of removal for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

Substantial evidence supports the BIA's denial of Obregon-Segura's asylum and withholding of removal claims because she fails to establish a nexus between her claimed harm and an asserted protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i); 8 C.F.R. § 1208.16(b). Obregon-Segura testified that the Colombian National Liberation Army ("ELN") threatened her as a means to obtain money owed by her former partner. Because she did not present evidence that the ELN members were motivated by anything other than an interest in obtaining the money, she fails to establish a nexus between the alleged harm and an asserted protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir.

---

[1] Obregon-Segura's minor daughter, Leilany Mayorga-Obregon, seeks asylum, withholding of removal, and CAT protection as a derivative beneficiary of Obregon-Segura's application and in a separate application. Because the applications raise identical claims, we do not analyze them separately.

2023); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, both her asylum and withholding of removal claims fail. *Rodriguez-Zuniga*, 69 F.4th at 1018.

2.      "[F]ailure to raise an issue to the BIA constitutes a failure to exhaust." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). The BIA found that Obregon-Segura did "not challenge the Immigration Judge's denial of her application for protection under" CAT and thus waived the issue. Indeed, in her brief before the BIA, Obregon-Segura did not raise any arguments related to her CAT claim or even state that she sought reversal of the IJ's denial of her CAT claim. Thus, she failed to exhaust her CAT claim. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because the government raises the issue, we deny the claim as unexhausted. *See id.*

The petition is **DENIED.**